EXHIBIT "A"

1  Evan S. Goldstein (#011866)
   Christi A. Woods (#022770)
2  Hesam Alagha (#026607)
   HERMAN | GOLDSTEIN
3  1850 East Thunderbird
   Phoenix, Arizona  85022
4  (602) 569-8200
   egoldstein@hgfirm.com
5  cwoods@hgfirm.com
   meo@hgfirm.com
6  *Attorneys for Defendant Allstate Fire and Casualty Ins. Co.*

7
                **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
8
                **IN AND FOR THE COUNTY OF MARICOPA**
9

| MICHAEL CAMPBELL, | Case No.:  CV2017-005554 |
| --- | --- |
| Plaintiff, | |
| vs. | **ALLSTATE'S NOTICE OF REMOVAL TO ARIZONA DISTRICT COURT** |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY; DOES 1 through 10, inclusive; and roe corporations 1 through 10, inclusive, | |
| Defendants. | |

16
17        Defendant, Allstate Fire and Casualty Insurance Company, by and through undersigned

18  counsel, hereby gives notice that it has removed this case to the United States District Court,

19  District of Arizona pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  A copy of the Notice of

20  Removal filed in the District Court is attached hereto as Exhibit A.

21        Dated this 24th day of July, 2017.

22
                                    HERMAN | GOLDSTEIN
23

24        By:    /s/ *Hesam Alagha*
                 Evan S. Goldstein
25               Christi A. Woods
                 Hesam Alagha
26               1850 East Thunderbird
                 Phoenix, Arizona  85022
                 *Attorneys for Defendant Allstate*

1

1  ORIGINAL of the foregoing Efiled
   this 24th day of July, 2017,
2  with the Clerk of the Superior Court

3  COPY of the foregoing mailed
   this 24th day of July, 2014, to:
4
   Adam Ganz
5  Marjorie Hauf
   GANZ & HAUF
6  8950 W. Tropicana Ave., Suite 1
   Las Vegas, Nevada 89147
7  *Attorneys for Plaintiff*

8

9  By ____ /s/ Diane Arroyo ____
   Allstate/Campbell/Pleadings 3001-1276
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

2

EXHIBIT "B"

 CT Corporation

**Service of Process
Transmittal**
06/22/2017
CT Log Number 531452344

**TO:**   Milt Thulin
Allstate Insurance Company
MCO Office, 222 S. Mill Avenue
Tempe, AZ 85281

**RE:**   **Process Served in Arizona**

**FOR:**   Allstate Fire and Casualty Insurance Company  (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Michael Campbell, Pltf. vs. Allstate Fire and Casualty Insurance Company, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Maricopa County - Superior Court, AZ<br>Case # CV2017005554 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Phoenix, AZ |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 06/22/2017 postmarked on 06/20/2017 |
| **JURISDICTION SERVED :** | Arizona |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Marjorie Hauf<br>Ganz & Hauf<br>8950 W. Tropicana Ave, Suite 1<br>Las Vegas, NV 89147<br>702-598-4529 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/22/2017, Expected Purge Date: 06/27/2017 |
| | Image SOP |
| | Email Notification,  Milt Thulin  Milt.Thulin@allstate.com |
| | Email Notification,  Greg Hamblin  Greg.Hamblin@allstate.com |
| | Email Notification,  Cynthia Stoxstell  Cynthia.stoxstell@allstate.com |
| | Email Notification,  Sara Collins  Scol3@allstate.com |
| | Email Notification,  Elaine Mckinney  mmckf@allstate.com |
| | Email Notification,  Harry Fields  Cdt7y@allstate.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>3800 N Central Avenue |

Page 1 of  2 / AB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



**Service of Process Transmittal**
06/22/2017
CT Log Number 531452344

**TO:**   Milt Thulin
          Allstate Insurance Company
          MCO Office, 222 S. Mill Avenue
          Tempe, AZ 85281

**RE:**   **Process Served in Arizona**

**FOR:**  Allstate Fire and Casualty Insurance Company  (Domestic State: IL)

**TELEPHONE:**    Suite 460
                 Phoenix, AZ 85012
                 602-248-1145

Page 2 of  2 / AB

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.



**ARIZONA DEPARTMENT OF INSURANCE**
2910 North 44th Street, Suite 210
Phoenix, Arizona 85018-7269



7016 2140 0000 3817 2343



ALLSTATE FIRE AND CASUALTY INS CO
CT CORPORATION SYSTEM
3800 N. CENTRAL AVE, STE. 460
PHOENIX, AZ 85012
CV2017-005554



ORIGINAL

1  ADAM GANZ, ESQ.
   Arizona Bar No. 19472
2  MARJORIE HAUF, ESQ.
   Arizona Bar No. 22187
3  GANZ & HAUF
4  8950 W. Tropicana Ave, Suite 1
   Las Vegas, Nevada 89147
5  Tel: (702) 598-4529
   Fax: (702) 598-3626
6  Attorneys for Plaintiff

**STATE OF ARIZONA
DEPT. OF INSURANCE**

**JUN 1 9 2017**

TIME Via U.S. Mail
**SERVICE OF PROCESS**

7

8                            -o0o-

9        **SUPERIOR COURT OF ARIZONA**

10            **IN MARICOPA COUNTY**

11  MICHAEL CAMPBELL,                    CASE NO.:     CV 2017-005554

12                Plaintiff,

13  vs.

14  ALLSTATE    FIRE    AND    CASUALTY
15  INSURANCE COMPANY; DOES 1 through 10,
16  inclusive; and ROE CORPORATIONS 1 through     **SUMMONS**
    10, inclusive,
17                                              If you would like legal advice from a lawyer,
18                Defendants.                   contact the Lawyer Referral Service at
                                                602-257-4434
19                                                     or
                                                www.maricopalawyers.org
                                                   Sponsored by the
                                                Maricopa County Bar Association

**ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY**

20

21        YOU ARE HEREBY SUMMONED and required to appear and defend, in the above

22  entitled action within TWENTY (20) DAYS, after the service of the Summons and Complaint upon

23  you, exclusive of the day of service. If served outside the State of Arizona, you shall appear and

24  defend within THIRTY (30) DAYS, exclusive of the day of service.

25        In order to appear and defend, you must file a proper response or answer in writing with the

26  Clerk of this Court, accompanied by the required filing fee. Failure to so appear and defend will

27  result in a judgment by default being rendered against you for the relief requested in the Complaint.

28



GANZ & HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

Page 1

1    A copy of the complaint, may be obtained from Maricopa County Clerk of Superior Court,

2    201 West Jefferson Street, Phoenix, Arizona, 85003-2205.

3    Request for reasonable accommodations for persons with disabilities must be made to the

4    Division assigned to the case by the parties at least three (3) judicial days in advance of a scheduled

5

6    court processing.

7    You are required by law to serve a copy of your response or answer upon the Plaintiff

8    addressed as follows:

9

10

11    MARJORIE HAUF, ESQ
Arizona Bar No. 022187

12    GANZ & HAUF
8950 West Tropicana, Suite 1

13    Las Vegas, Nevada 89147
Tel: (702) 598-4529

14

15    SIGNED AND SEALED THIS DATE: _____ **MAY 1 8 2017**

16

17    GIVEN UNDER MY HAND AND THE SEAL OF THE COURT _____

MICHAEL JEANES

18    Clerk or Superior Court

19

20    By: _____
DEPUTY CLERK

21    M. De la Cruz
Deputy Clerk

22

23

24

25

26

27

28

COPY

MAY 1 8 2017

MICHAEL K. JEANES, CLERK

1   ADAM GANZ, ESQ.
    Arizona Bar No. 19472
2   MARJORIE HAUF, ESQ.
    Arizona Bar No. 22187
3   GANZ & HAUF
    8950 W. Tropicana Ave, Suite 1
4   Las Vegas, Nevada 89147
5   Tel: (702) 598-4529
    Fax: (702) 598-3626
6   Attorneys for Plaintiff

7                                    -oOo-

8                    SUPERIOR COURT OF ARIZONA

9                      IN MARICOPA COUNTY CV 2017-005554

10

11  MICHAEL CAMPBELL,                    CASE NO.:

12              Plaintiff,

13  vs.

14
    ALLSTATE    FIRE    AND    CASUALTY
15  INSURANCE COMPANY; DOES 1 through 10,
    inclusive; and ROE CORPORATIONS 1 through
16  10, inclusive,

17
                Defendants.
18

19
                            **COMPLAINT**
20
        COMES NOW Plaintiff, Michael Campbell, by and through her undersigned counsel,
21
22  Marjorie Hauf, Esq., of the law firm Ganz & Hauf, and hereby complains and alleges as follows:

23              **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

24      1.  At all times mentioned herein, Plaintiff, Michael Campbell, was and is a resident of the

25  County of Maricopa, State of Arizona.

26      2.  That Plaintiff is informed and believes, and thereon alleges, that Defendant, Allstate

27
    Fire and Casualty Insurance Company (hereinafter "Allstate"), at all times herein mentioned, is a
28
    corporation doing business in the State of Arizona.


GANZ&HAUF
8950 W. Tropicana Ave., S1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

                                    Page 1

3. The true names of DOES 1 through 10 and Roe Corporations 1 through 10, their citizenship and capacities, whether individual, corporate, associate, partnership or otherwise, are unknown to Plaintiff who therefore sue these Defendants by such fictitious names. Plaintiff is informed and believes, and therefore alleges, that each of the Defendants, designated as DOES 1 through 10 and Roe Corporations 1 through 10, are or may be, legally responsible for the events referred to in this action, and caused damages to the Plaintiff, as herein alleged, and Plaintiff will ask leave of this Court to amend the Complaint to insert the true names and capacities of such Defendants, when the same have been ascertained, and to join them in this action, together with the proper charges and allegations.

4. ROES 1 through 5 are insurance companies, casualty companies, corporations, or other business entities who wrote or participated in writing Allstate policy number 986807649 or who participated in the claims processing and/or handling of Plaintiff's claim, as herein alleged.

5. DOES 1 through 5 are employers of Defendants who may be liable for Defendants' negligence pursuant to NRS 41.130, which states:

> Except as otherwise provided in NRS 41.745, whenever any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury is liable to the person injured for damages; and where the person causing the injury is employed by another person or corporation responsible for his conduct, that person or corporation so responsible is liable to the person injured for damages.

6. On or about June 24, 2013, Plaintiff, Michael Campbell, was traveling southbound on Arizona Avenue, near the intersection with Warner Road, in Maricopa County, Arizona. He was stopped at a red light when he was rearended by tortfeasor, Ernie Moreno, who was simultaneously traveling southbound on Arizona Avenue.

7. Plaintiff, Michael Campbell, was injured as a result of the June 24, 2013 collision.

8. Plaintiff, Michael Campbell, resolved his claim against Ernie Morena for his liability insurance policy limits of $25,000.00.

GANZ&HAUF
4420 W. Tropicana Ave., Pl
Las Vegas, NV 89107
Phone: (702) 530-4623

9. Prior to June 24, 2013, Plaintiff, Michael Campbell, purchased a policy of automobile insurance from Defendant, Allstate, policy number 986807649, which included medical payments coverage of up to $100,000.00 applicable to the subject motor vehicle collision.

10. Plaintiff, Michael Campbell, treated for his injuries arising from June 24, 2013 collision, and is in need of additional medical treatment in the future, as a result of the collision.

11. On July 1, 2013, Plaintiff, Michael Campbell, notified Allstate in writing of the collision, through his attorney, Eric Chen, Esq.

12. On July 19, 2013, Allstate issued payment of $1,679.92 for billing from Dignity Health.

13. On August 9, 2013, Allstate issued payment of $406.00 for billing from Premiere Emergency Medical Specialists.

14. On September 3, 2013, Plaintiff, Michael Campbell, submitted medical bills and records from Chandler Radiology Associates, Rural/Metro Corporation, Dignity Health and Advantage Diagnostic to Defendant, Allstate, and asked that they be paid from his medical payments coverage.

15. On October 1, 2013, Allstate issued payment of $41.00 for billing from Chandler Radiology Associates.

16. On October 1, 2013, Allstate issued payment of $1,004.16 for billing from Rural/Metro Corporation.

17. On October 1, 2013, Allstate issued payment of $6,200.00 for billing from Advantage Diagnostic Imaging.

18. On October 8, 2013, Allstate sent Plaintiff, Michael Campbell, notice that it was asserting a subrogation claim for the $9,630.98 paid under Michael Campbell's Medical Payments coverage.

19. On September 23, 2015, Plaintiff, Michael Campbell, submitted medical bills and records from Spring Mountain Chiropractic, Vital Rehab, Integrated Pain Specialists, Clinical

GANZ & HAUF
6350 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

## SECOND CLAIM FOR RELIEF
### BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING
### (BAD FAITH)

28. Plaintiff repeats and realleges each and every statement set forth in Paragraphs 1 through 27 as though each were set forth herein verbatim

29. Arizona law recognizes in every contract a covenant of good faith and fair dealing, which is a promise that neither party will do anything which will injure the right of the other to receive the benefits of the agreement.

30. Defendant, Allstate, and/or Doe/Roe Defendants, breached this covenant of good faith and fair dealing by its refusal to pay benefits under the medical payments coverage of the policy to the Plaintiff, and to reasonably evaluate the Plaintiff's claim arising from the collision set forth above.

31. Defendant Allstate's, and/or Doe/Roe Defendants', refusal to reasonably evaluate and/or pay Plaintiff's claim was done in the absence of a reasonable basis for denying such benefits under the insurance policy, and was done with Defendant, Allstate's, and/or Doe/Roe Defendants', knowledge and/or reckless disregard of the lack of a reasonable basis for said refusal.

32. Defendant, Allstate, and/or Doe/Roe Defendants, further breached the covenant of good faith and fair dealing by their violation of the provisions of the Unfair Claims Practices Act (ARS 20-461) which was done with Defendant, Allstate's, and/or Doe/Roe Defendants', actual and/or implied knowledge.

33. As a result of Defendant Allstate's, and/or Doe/Roe Defendants', breach of the covenant of good faith and fair dealing, the Plaintiff has incurred damages in excess of $10,000.00.

34. Defendant Allstate's, and/or Doe/Roe Defendants', intentional, willful, wanton, malicious, reckless, and/or fraudulent breach of the covenant of good faith and fair dealing entitle Plaintiff to punitive damages.

///

GANZ & HAUF
8950 W. Tropicana Ave., 01
Las Vegas, NV 89147
Phone: (702) 685-4320
Fax: (702) 685-4320

Page 5

43. Defendant, Allstate, and/or Doe/Roe Defendants, attempted to settle a claim made by Plaintiff for less than the amount to which a reasonable person would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application, as prohibited by ARS §20-461(A)(9).

44. Pursuant to ARS §20-461, Defendant, Allstate, and/or Doe/Roe Defendants, are liable for any damages sustained by Plaintiff as a result of their violation of the above unfair claims practices, including damages for benefits denied under the insurance policy, consequential damages, emotional distress, and attorney's fees.

45. The Plaintiff is entitled to punitive damages as Defendant Allstate's, and/or Doe/Roe Defendants', violations of §ARS 20-461 were done with a conscious disregard for the rights of the Plaintiff.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment against Defendants, and each of them, as follows:

1.  Compensatory or expectation damages for denied policy benefits;

2.  Consequential damages, including emotional distress and attorney's fees, in excess of $10,000.00;

3.  Punitive damages in excess of $10,000.00;

4.  Reasonable attorney's fees and costs of suit; and,

5.  Such other and further relief as this Court deems appropriate.

Dated this _____ day of May, 2017.

GANZ & HAUF



ADAM GANZ, ESQ.
Arizona Bar No. 19472
MARJORIE HAUF, ESQ.
Arizona Bar No. 22187

GANZ & HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

Evan S. Goldstein (#011866)
Christi A. Woods (#022770)
Hesam Alagha (#026607)
HERMAN | GOLDSTEIN
1850 East Thunderbird
Phoenix, Arizona 85022
(602) 569-8200
egoldstein@hgfirm.com
cwoods@hgfirm.com
meo@hgfirm.com

*Attorneys for Defendant Allstate Fire and Casualty Ins. Co.*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| MICHAEL CAMPBELL, | Case No.: CV2017-005554 |
|---|---|
| Plaintiff, | |
| vs. | **ANSWER** |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY; DOES 1 through 10, inclusive; and roe corporations 1 through 10, inclusive, | |
| Defendants. | |

Defendants Allstate Fire and Casualty Insurance Company, for its Answer to the Plaintiff's Complaint, admit, deny and alleges as follows:

1.      Defendants are without knowledge and information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore denies same.

2.      Defendants admit the allegations contained in Paragraph 2, of Plaintiff's Complaint.

3.      Defendants are without knowledge and information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 3 of Plaintiff's Complaint and therefore denies same.

4.     Defendants are without knowledge and information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 4 of Plaintiff's Complaint and therefore denies same.

5.     Defendants deny the allegations contained in Paragraph 5, of Plaintiff's Complaint.

6.     As to the allegations contained in Paragraph 6 of Plaintiff's Complaint Defendants admit that there was an accident.   Defendant denies the remaining allegations contained in Paragraph 6, of Plaintiff's Complaint.

7.     Defendants admit the allegations contained in Paragraph 7, of Plaintiff's Complaint.

8.     Defendants are without knowledge and information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 8 of Plaintiff's Complaint and therefore denies same.

9.     As to the allegations contained in Paragraph 9 of Plaintiff's Complaint Defendants admit Plaintiff had insurance with Allstate Insurance Company. Defendants are without knowledge and information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 9 of Plaintiff's Complaint and therefore denies same.

10.    As to the allegations contained in Paragraph 10 of Plaintiff's Complaint Defendants admit Plaintiff had some treatment.  Defendants are without knowledge and information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 10 of Plaintiff's Complaint and therefore denies same.

11.    As to the allegations contained in Paragraph 11 of Plaintiff's Complaint Defendants admit Plaintiff notified Allstate was aware of the motor vehicle accident. Defendant denies the remaining allegations contained in Paragraph 11, of Plaintiff's Complaint.

2

12.     As to the allegations contained in Paragraph 12 of Plaintiff's Complaint Defendants admit Allstate issued payment of $1,679.82 for billing from Dignity Health.

13.     As to the allegations contained in Paragraph 13 of Plaintiff's Complaint Defendants admit Allstate issued payment of $706.00 for billing from Premiere Emergency Medical Specialists.

14.     As to the allegations contained in Paragraph 14 of Plaintiff's Complaint Defendants admit Allstate received medical bills and records from stated medical providers.  Defendant denies the remaining allegations contained in Paragraph 14, of Plaintiff's Complaint.

15.     Defendants admit the allegations contained in Paragraph 15, of Plaintiff's Complaint.

16.     Defendants admit the allegations contained in Paragraph 16, of Plaintiff's Complaint.

17.     Defendants admit the allegations contained in Paragraph 17, of Plaintiff's Complaint.

18.     Defendants admit the allegations contained in Paragraph 18, of Plaintiff's Complaint.

19.     As to the allegations contained in Paragraph 19 of Plaintiff's Complaint Defendants admit Allstate received medical bills and records from stated medical providers.  Defendant denies the remaining allegations contained in Paragraph 19, of Plaintiff's Complaint.

20.     Defendants are without knowledge and information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 20 of Plaintiff's Complaint and therefore denies same.

3

21.     Defendants are without knowledge and information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 21 of Plaintiff's Complaint and therefore denies same.

22.     Defendants admit the allegations contained in Paragraph 22, of Plaintiff's Complaint.

23.     Defendants are without knowledge and information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 23 of Plaintiff's Complaint and therefore denies same.

24.     Defendants are without knowledge and information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 24 First Claim for Relief of Plaintiff's Complaint and therefore denies same.

25.     Defendants deny the allegations contained in Paragraph 25 First Claim for Relief of Plaintiff's Complaint.

26.     Defendants deny the allegations contained in Paragraph 26 First Claim for Relief of Plaintiff's Complaint.

27.     Defendants deny the allegations contained in Paragraph 27 First Claim for Relief of Plaintiff's Complaint.

28.     Defendants are without knowledge and information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 28 Second Claim for Relief of Plaintiff's Complaint and therefore denies same.

29.     As to the allegations contained in Paragraph 29 Second Claim for Relief of Plaintiff's Complaint Defendants admit there are duties of good faith and fair dealings.   Defendant denies the remaining allegations contained in Paragraph 19, Second Claim for Relief of Plaintiff's Complaint.

30.     Defendants deny the allegations contained in Paragraph 30, Second Claim for Relief of Plaintiff's Complaint.

31.     Defendants deny the allegations contained in Paragraph 31, Second Claim for Relief of Plaintiff's Complaint.

32.     Defendants deny the allegations contained in Paragraph 32, Second Claim for Relief of Plaintiff's Complaint.

33.     Defendants deny the allegations contained in Paragraph 33, Second Claim for Relief of Plaintiff's Complaint.

34.     Defendants deny the allegations contained in Paragraph 34, Second Claim for Relief of Plaintiff's Complaint.

35.     Defendants are without knowledge and information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 35, Third Claim for Relief of Plaintiff's Complaint and therefore denies same.

36.     Defendants deny the allegations contained in Paragraph 36, Third Claim for Relief of Plaintiff's Complaint.

37.     Defendants deny the allegations contained in Paragraph 37, Third Claim for Relief of Plaintiff's Complaint.

38.     Defendants deny the allegations contained in Paragraph 38, Third Claim for Relief of Plaintiff's Complaint.

39.     Defendants deny the allegations contained in Paragraph 39, Third Claim for Relief of Plaintiff's Complaint.

40.     Defendants deny the allegations contained in Paragraph 40, Third Claim for Relief of Plaintiff's Complaint.

41.     Defendants deny the allegations contained in Paragraph 41, Third Claim for Relief of Plaintiff's Complaint.

42.     Defendants deny the allegations contained in Paragraph 42, Third Claim for Relief of Plaintiff's Complaint.

1      43.    Defendants deny the allegations contained in Paragraph 43, Third Claim

2  for Relief of Plaintiff's Complaint.

3      44.    Defendants deny the allegations contained in Paragraph 44, Third Claim

4  for Relief of Plaintiff's Complaint.

5      45.    Defendants deny the allegations contained in Paragraph 45, Third Claim

6  for Relief of Plaintiff's Complaint.

7      Defendants further deny each and every allegation alleged in Plaintiff's

8  Complaint not heretofore expressly admitted herein.

9      Defendants deny that it has committed breach of contract, or that its conduct

10 herein arises to a level of bad faith, or punitive damages.  Defendants further allege as

11 affirmative defenses appraisal and arbitration are mandated pursuant to the contract and

12 A.R.S. § 12-1501 et seq.

13     Defendants further allege as affirmative defenses, accord and satisfaction,

14 waiver, estoppel and failure to mitigate damages and those affirmative defenses set forth

15 in Rule 8, Ariz.R.Civ.P.  Defendants also seek its attorneys' fees and costs incurred

16 herein pursuant to A.R.S. ' 12-341 and 12-341.01.

17     WHEREFORE, having fully answered Plaintiff's Complaint, Defendants prays

18 that same be dismissed as to Defendants, and that Defendants have and recover its

19 attorneys' fees and costs incurred herein.

20     Dated this 24th day of July, 2017.

21                HERMAN | GOLDSTEIN

22

23         By:   /s/ *Hesam Alagha*

                      Evan S. Goldstein

                      Christi A. Woods

24                       Hesam Alagha

                      1850 East Thunderbird

25                       Phoenix, Arizona  85022

                      *Attorneys for Defendant Allstate*

26

                      6

1 | ORIGINAL of the foregoing Efiled
this 24th day of July, 2017,
2 | with the Clerk of the Superior Court

3 | COPY of the foregoing mailed
this 24th day of July, 2014, to:

4

Adam Ganz
5 | Marjorie Hauf
GANZ & HAUF
6 | 8950 W. Tropicana Ave., Suite 1
Las Vegas, Nevada 89147
7 | *Attorneys for Plaintiff*

8

9 | By _____ /s/ Diane Arroyo _____
Allstate/Campbell/Pleadings 3001-1276

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Diane Arroyo**

| | |
|---|---|
| **From:** | TurboCourt Customer Service <CustomerService@TurboCourt.com> |
| **Sent:** | Monday, July 24, 2017 12:57 PM |
| **To:** | Hesam Alagha; Jodi Trayner; Diane Arroyo |
| **Subject:** | AZTurboCourt E-Filing Courtesy Notification |

PLEASE DO NOT REPLY TO THIS EMAIL.

A party in this case requested that you receive an AZTurboCourt Courtesy Notification.

AZTurboCourt Form Set #2278731 has been DELIVERED to Maricopa County.

You will be notified when these documents have been processed by the court.

Here are the filing details:
Case Number: CV2017-005554 (Note: If this filing is for case initiation, you will receive a separate notification when the case # is assigned.)
Case Title: Campbell Vs. Allstate Fire And Casualty Insurance
Filed By: Diane Arroyo
AZTurboCourt Form Set: #2278731
Keyword/Matter #: 3001-1276 Campbell
Delivery Date and Time: Jul 24, 2017 12:57 PM MST

Forms:
Summary Sheet (This summary sheet will not be filed with the court. This sheet is for your personal records only.)

Attached Documents:
Answer: Answer

EXHIBIT "C"

1    Evan S. Goldstein (#011866)
     Christi A. Woods (#022770)
2    Hesam Alagha (#026607)
     HERMAN | GOLDSTEIN
3    1850 East Thunderbird
     Phoenix, Arizona  85022
4    (602) 569-8200
     egoldstein@hgfirm.com
5    cwoods@hgfirm.com
     meo@hgfirm.com
6    *Attorneys for Defendant Allstate Fire and Casualty Ins. Co.*

7
                    **UNITED STATES DISTRICT COURT**
8
                         **DISTRICT OF ARIZONA**
9

10   Michael Campbell,                    | Case No.:

11              Plaintiff,
                                          | **AFFIDAVIT OF**
12       vs.                              | **HESAM ALAGHA**

13   Allstate Fire and Casualty Insurance
     Company; Does 1 through 10, inclusive;
14   and roe corporations 1 through 10,
     inclusive,
15
                Defendants.
16

17
              I, Hesam Alagha, declare under penalty of perjury under the laws of the United
18
     States of America that the following statements are true and correct:
19

20            1.      I am one of the attorneys of record for Defendant Allstate Fire and
21
     Casualty Insurance Company in this case.
22
              2.      I verify that, to the best of my knowledge and belief, Exhibit B to the
23
     Defendant's Notice of Removal contains true and complete copies of all pleadings and
24
     other documents of this date, in the case of entitled *MICHAEL CAMPBELL, Plaintiff,*
25
     *vs. ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY; DOES 1 through 10,*
26

                                          1

1    inclusive; and roe corporations 1 through 10, inclusive, Defendants., Cause No.

2    CV2017-005554, while the case was pending in the Maricopa County Superior Court.

3         Dated this _____ day of July, 2017.

4
                                          HERMAN | GOLDSTEIN
5
6                                 By: _____
                                          Evan S. Goldstein
7                                         Christi A. Woods
                                          Hesam Alagha
8                                         1850 East Thunderbird
                                          Phoenix, Arizona  85022
9                                         Attorneys for Defendant Allstate

10

11

12

13

14

15         SUBSCRIBED AND SWORN to before me this _24_ day of July, 2017, by

16   Hesam Alagha.

17
                                 _____
18                               Notary Public

19                                       JILL V MONAHAN
                                    NOTARY PUBLIC, ARIZONA
20                                      MARICOPA COUNTY
                                    My Commission Expires
                                         April 19, 2020
21

22

23

24

25

26   Allstate/Campbell/Dist. Crt Pldgs 3001-1276